IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES "JIMMY" FULLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-0194 |
| | § | |
| GALVESTON INDEPENDENT SCHOOL | § | |
| DISTRICT and LYNN HALE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On April 10, 2007, plaintiff James Fullen filed this action against Galveston Independent School District (GISD) and its former Superintendent, Lynn Hale, for civil rights violations arising under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, 42 U.S.C. §§ 1981 and 1983, and for the intentional infliction of emotional distress in violation of the common law of the State of Texas.  Pending before the court is Defendant Lynn Hale's Motion to Dismiss and/or Motion for More Definite Statement (Docket Entry No. 22).  For the reasons explained below the pending motion will be denied.

**I.  Procedural History**

In its August 17, 2007, Memorandum Opinion and Order (Docket Entry No. 17), the court dismissed the discrimination claims that plaintiff alleged against GISD under 42 U.S.C. § 1981 and § 1983, and the claim for the intentional infliction of emotional distress

that plaintiff alleged against GISD under state law.  Accordingly,
the only claims remaining against GISD are plaintiff's Title VII
claims for race-based employment discrimination and retaliation.
At the status conference held on August 17, 2007, the court
dismissed the race-based employment discrimination and retaliation
claims that plaintiff asserted against Hale under Title VII and 42
U.S.C. § 1983.[1]   Hale now seeks dismissal of the race-based
employment discrimination and retaliation claims that plaintiff has
asserted against her under 42 U.S.C. § 1981 as barred by
limitations.  Since the court included a detailed summary of the
alleged facts in its August 17, 2007, Memorandum Opinion and Order
(Docket Entry No. 17), the court incorporates that summery herein.

## II.  **Defendant's Motion to Dismiss**

Citing _Price v. Digital Equipment Corp._, 846 F.2d 1026 (5th
Cir. 1988), Hale argues that the claims that plaintiff has asserted
against her under 42 U.S.C. § 1981 are barred by limitations
because all of the acts of which plaintiff complains occurred more
than two years before plaintiff filed his original complaint in
this action, and in _Price_ the Fifth Circuit held that claims made
in Texas under 42 U.S.C. § 1981 are subject to a two-year statute
of limitations.[2]  Citing _Jones v. R.R. Donnelly & Sons Co._, 124

---

[1]See Minute Entry, Docket Entry No. 18.

[2]Defendant Lynn Hale's Motion to Dismiss and/or Motion for
More Definite Statement (Motion to Dismiss), Docket Entry No. 22,
p. 3.

S.Ct. 1836 (2004), plaintiff responds that the § 1981 claims asserted against Hale are not time barred because they are governed by the federal four-year limitations period provided by 28 U.S.C. § 1658.[3]

## A.   Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002).  To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  Pleadings must provide "more

---

[3]Plaintiff's Opposition to Defendant Lynn Hale's Motion to Dismiss and/or Motion for More Definite Statement (Plaintiff's Opposition), Docket Entry No. 24, pp. 2-8.

than labels and conclusions." Id. at 1965. "Formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. A statute of limitations defense may be asserted by a Rule 12(b)(6) motion when that defense appears on the face of the complaint. See Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 n.3 (5th Cir. 1997).

**B.   Applicable Law**

Section 1981 does not contain a specific statute of limitations. Before 1990 the time for filing § 1981 claims was determined by reference to the most analogous state statute of limitations. See Goodman v. Lukens Steel Co., 107 S.Ct. 2617, 2620-21 (1987) (holding that § 1981 claims were subject to the state personal injury limitations period). See also Pegram v. Honeywell, Inc., 361 F.3d 272, 278 (5th Cir. 2004) (recognizing that § 1981 claims filed in Texas are subject to Texas's two-year statute of limitations for personal injury, Tex. Rev. Civ. Stat. art. 5526, now Tex. Civ. Prac. & Rem. Code § 16.003). In 1990 Congress enacted the federal catch-all limitations statute upon which plaintiff relies, 28 U.S.C. § 1658. That statute provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

-4-

In <u>Jones</u> the plaintiffs asserted claims against a private entity for wrongful termination, hostile environment, and failure to transfer on the basis of race in violation of rights guaranteed by § 1981, as amended by the Civil Rights Act of 1991.  124 S.Ct. at 1836.  The Supreme Court held that the plaintiffs' claims "ar[ose] under" the 1991 Act because the 1991 Act "made possible" their claims.  <u>Id.</u> at 1845.  The Court explained that prior to passage of the Civil Rights Act of 1991 the plaintiffs' claims would not have been cognizable because § 1981 did not originally protect employees from discriminatory conduct of employers that occurred after an employment relationship had been formed.  <u>Id.</u> at 1845-46 (discussing the Supreme Court's holding in <u>Patterson v. McLean Credit Union</u>, 109 S.Ct. 2363 (1989), that claims for wrongful discharge and hostile work environment did not state violations of the original version of § 1981 because they were based upon post-contract formation conduct).  Finding that Congress passed the 1991 Act to overturn <u>Patterson</u> and to expand the scope of rights guaranteed by § 1981 to include post-contract formation conduct, the <u>Jones</u> Court held that the four-year limitations period of § 1658 applied to any of plaintiffs' § 1981 claims that were made possible by the Civil Rights Act of 1991, but that the relevant state law limitations period continued to apply to any claims that would have been allowed under <u>Patterson</u>.  124 S.Ct. at 1846.  <u>See also</u> <u>Johnson v. Crown Enterprises, Inc.</u>, 398 F.3d 339,

341-42 (5th Cir. 2005) (recognizing that holding in <u>Jones</u> which mandated a four-year limitations period for § 1981 claims applies only to conduct that occurs after contract formation and does not apply to claims arising from the failure to enter a new contract).

## C.  Analysis

Asserting that the § 1981 claims alleged in this case were made possible by the Civil Rights Act of 1991, plaintiff argues that the Supreme Court's holding in <u>Jones</u> makes the § 1981 claims that he has alleged against Hale subject to the federal four-year limitations period instead of the Texas two-year limitations period.  Plaintiff argues that Hale's contention that the two-year period applies to the § 1981 claims alleged against her is based on out-dated case law that fails to take into account either the 1991 amendments to § 1981 or the Supreme Court's holding in <u>Jones</u>.  The court agrees.

Section 1981 was enacted as § 1 of the Civil Rights Act of 1866, 14 Stat. 27.  It was amended in minor respects in 1870 and recodified in 1874, <u>see</u> <u>Runyon v. McCrary</u>, 96 S.Ct. 2586, 2594 & n.8 (1976).  As originally enacted, § 1981 included only the text that appears as subsection (a), which states that

> [a]ll persons within the jurisdiction of the
> United States shall have the same right in every State
> and Territory to make and enforce contracts, to sue, be
> parties, give evidence, and to the full and equal benefit
> of all laws and proceedings for the security of persons
> and property as is enjoyed by white citizens, and shall

-6-

be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

In Patterson, 109 S.Ct. 2372-73, the Supreme Court held that the statutory right "to make and enforce contracts" contained in the original version of § 1981 did not protect against conduct that occurred after the formation of the contract at issue. Thus, because plaintiff's claims for race-based employment discrimination and retaliation are based on post-contract formation conduct, under Patterson his claims would not have been cognizable under § 1981. See Foley v. University of Houston System, 355 F.3d 333, 339 (5th Cir. 2003) (recognizing that the Supreme Court's decision in Patterson barred § 1981 claims relating to discriminatory discharge or retaliation because such claims were based on post-formation conduct and that the Fifth Circuit so held in Carter v. South Central Bell, 912 F.2d 832, 838-41 (5th Cir. 1990)). In 1991 Congress responded to the Patterson holding by adding a new subsection to § 1981 that defined the term "'make and enforce contracts'" to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Thus, claims for post-contract formation conduct such as discriminatory discharge and retaliation are now cognizable under the amended version of § 1981. See Foley, 355 F.3d at 339 (recognizing that the 1991 amendments to 42 U.S.C. § 1981 statutorily reversed the Supreme Court's holding in Patterson).

-7-

The § 1981 claims for race-based employment discrimination and retaliation asserted in Plaintiff's First Amended Complaint are all based on allegations that soon after the plaintiff was reinstated to his position as Chief of GISD's Police Department in July of 2004, the defendants subjected him to a policy of race-based segregation.   Plaintiff alleges that he complained about that policy and was discharged in retaliation for having complained about that policy.[4]  Because the factual allegations contained in Plaintiff's First Amended Complaint all concern conduct that occurred during his employment, i.e., after the formation of his employment contract with GISD, plaintiff's 1981 claims arise under the amendments to § 1981 enacted in 1991 and are, therefore, governed by the four-year limitations period provided by 28 U.S.C. § 1658.   See Jones, 124 S.Ct. at 1845-46.   Because all of the conduct of which plaintiff complains occurred within four years of the day on which plaintiff filed his original complaint, the claims asserted against Hale are not barred by limitations.

### III.  Defendant's Motion for More Definite Statement

Asserting that Federal Rule of Civil Procedure 12(e) "allows a party to move for a more definite statement if a pleading, to which a responsive pleading is permitted, is so vague or ambiguous that a party cannot reasonably be required to frame a responsive

---

[4]See Plaintiff's First Amended Complaint, Docket Entry No. 4, pp. 3-7 ¶¶ 7-29.

pleading,"[5] Hale moves the court to order the plaintiff to file a more definite statement delineating "which actions Hale took to violate Plaintiff's 42 U.S.C. § 1981 rights versus those taken by GISD."[6] Asserting that "a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist,"[7] plaintiff argues that his first amended complaint properly pleads the requisite elements of a valid § 1981 claim.[8]

Rule 12(e) provides in pertinent part that

[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(3). The standard for evaluating a motion for more definite statement under Fed. R. Civ. P. 12(e) is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Babcock & Wilcox Co. v. McGriff,

---

[5]Motion to Dismiss, Docket Entry No. 22, p. 3.

[6]Id. at pp. 3-4.

[7]Plaintiff's Opposition, Docket Entry No. 24, p. 8.

[8]Id.

<u>Seibels & Williams, Inc.</u>, 235 F.R.D. 632, 633 (E.D. La. 2006).
When evaluating a motion for more definite statement the court must
assess the complaint in light of the notice pleading requirements
of Federal Rule of Civil Procedure 8.  <u>Id.</u> (quoting Fed. R. Civ.
P. 8 ("A pleading . . . shall contain . . . a short and plain
statement of the claim showing that the pleader is entitled to
relief . . .").  "[I]n view of the great liberality of F.R.Civ.P.
8, permitting notice pleading, it is clearly the policy of the
Rules that Rule 12(e) should not be used to frustrate this policy
by lightly requiring a plaintiff to amend his complaint which under
Rule 8 is sufficient to withstand a motion to dismiss."  <u>Id.</u>
(quoting <u>Mitchell v. E-Z Way Towers, Inc.</u>, 269 F.2d 126, 132 (5th
Cir. 1959)).

The Federal Rules do not require factually specific
allegations, and Hale has not argued that the factual allegations
contained in the plaintiff's first amended complaint were so
ambiguous and unintelligible that they prevented her from filing an
answer.  Nor has Hale argued that the factual allegations in
plaintiff's first amended complaint seriously prejudiced her in
formulating the answer that she filed.  Since Hale has filed an
answer (Docket Entry No. 21) and has not argued that the ambiguity
in the plaintiff's pleadings prejudiced her ability to file an
answer, and since the court has concluded that Hale's motion to
dismiss should be denied, the court is not persuaded that the

plaintiff's first amended complaint is so deficient so as to warrant a more definite statement of the facts. Accordingly, Hale's motion for more definite statement will be denied.

## IV. <u>Conclusions and Order</u>

For the reasons explained above in section II, the court concludes that the claims plaintiff has asserted against defendant Lynn Hale for violation of 42 U.S.C. § 1981 are not barred by limitations because those claims arise under the amendments to § 1981 enacted in 1991 and are, therefore, governed by the four-year statute of limitations provided by 28 U.S.C. § 1658. For the reasons explained above in section III, the court concludes that defendant Lynn Hale's motion for more definite statement should be denied. Accordingly, Defendant Lynn Hale's Motion to Dismiss and/or Motion for More Definite Statement (Docket Entry No. 22) is **DENIED**.

**SIGNED** at Houston, Texas, on this 14th day of January, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-11-